UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

ERNESTO RODRIGUEZ,

                                             Plaintiff,

-against-

CITY OF NEW YORK, NYPD OFFICER ALEJANDRO
RIVAS, Shield #7139, NYPD SERGEANT FREDY CRUZ,
Shield # 887, JOHN DOE NYPD OFFICERS 1 - 4,

                                             Defendants.

------------------------------------------------------------------------------x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY**

16-CV-744 (KPF) (SN)

**JURY TRIAL DEMANDED**

        Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for its answer to plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        4.     States that the allegations set forth in paragraph "4" of the complaint are not averments of fact that require a response.

        5.     Denies the allegations set forth in paragraph "5" of the complaint, except denies knowledge or information sufficient to form a belief as to whether plaintiff resides in New York County.

        6.     Admits the allegations set forth in paragraph "6" of the complaint.

7. With respect to the allegations set forth in paragraph "7" of the complaint, defendant admits that the New York City Police Department is a public police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that on May 23, 2013, defendants Police Officer Alejandro Rivas, Shield No. 7319, and Sergeant Fredy Cruz, Shield No. 887, were employed by the New York City Police Department; denies knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals; and states that whether individual officers acted in accordance with their official duties constitutes a legal conclusion which requires no response.

9. States that the allegations set forth in paragraph "9" of the complaint constitute legal conclusions which require no response.

10. States that the allegations set forth in paragraph "10" of the complaint constitute legal conclusions which require no response.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations regarding partially identified officers, except admit that at some point officers approached plaintiff.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was transported to the 33rd Precinct.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except admits that plaintiff was transported to Central Booking on May 24, 2013 and charged with criminal sale of a controlled substance based upon a transaction that occurred on May 9, 2013.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint as they pertain to an unidentified individual.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. States that the allegations set forth in paragraph "32" of the complaint are legal conclusions rather than averments of fact, and respectfully refers the Court to the decision cited therein for a complete representation of the Court's opinion.

33. Denies the unsupported allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. States that the allegations set forth in paragraph "36" of the complaint constitute legal conclusions which require no response.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. States that the allegations set forth in paragraph "38" of the complaint constitute legal conclusions which require no response.

39. States that the allegations set forth in paragraph "39" of the complaint constitute legal conclusions which require no response.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. States that the allegations set forth in paragraph "49" constitute a legal conclusion which requires no response.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

**FIRST AFFIRMATIVE DEFENSE:**

66. The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

67. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant City.

### THIRD AFFIRMATIVE DEFENSE:

68. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### FOURTH AFFIRMATIVE DEFENSE:

69. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

70. There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

71. Punitive damages cannot be assessed against the City of New York.

### SEVENTH AFFIRMATIVE DEFENSE:

72. Plaintiff may have failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 2, 2016

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendant City*
100 Church Street, 3rd Floor
New York, New York 10007
(212) 356-2425

By: /s/
Melanie Speight
*Assistant Corporation Counsel*

cc: <u>VIA ECF</u>
Ryan Michael Lozar
*Plaintiff's Counsel*
Law Firm of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007