UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| ERNESTO RODRIGUEZ,<br><br>                                                               Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br>NYPD OFFICER ALEJANDRO RIVAS, Shield #7139,<br>NYPD SERGEANT FREDY CRUZ, Shield # 887,<br>NYPD OFFICER FELIX ACOSTA, Shield No. 11482, NYPD OFFICER DANNY GUZMAN, Shield No. 6312, NYPD OFFICER BRENDAN REGAN, Shield No. 29010, and JOHN DOE NYPD OFFICERS 1 - 4,<br><br>                                                               Defendants. | **ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY, CRUZ, REGAN, AND RIVAS**<br><br>16-CV-744 (KPF) (SN)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------x

       Defendants City of New York, Sergeant ("Sgt.") Cruz, Police Officer ("P.O.") Regan, and P.O. Rivas, by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for their Answer to Plaintiff's First Amended Complaint ("Amended Complaint"), respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

       3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

       4.    States that the allegations set forth in paragraph "4" of the Amended Complaint are not averments of fact that require a response.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff resides in New York County.

6. Admit the allegations set forth in paragraph "6" of the Amended Complaint.

7. With respect to the allegations set forth in paragraph "7" of the Amended Complaint, defendants admit that the New York City Police Department is a public police department and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that on May 23, 2013, defendants P.O. Rivas, Sgt. Cruz, P.O. Acosta, P.O. Guzman, and P.O. Regan were employed by the New York City Police Department; deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to unidentified individuals; and state that whether individual officers acted in accordance with their official duties constitutes a legal conclusion which requires no response.

9. State that the allegations set forth in paragraph "9" of the Amended Complaint constitute legal conclusions which require no response.

10. State that the allegations set forth in paragraph "10" of the Amended Complaint constitute legal conclusions which require no response.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Amended Complaint.[1]

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that on May 23, 2013, defendants Sgt. Cruz, P.O. Guzman, and P.O. Regan were working in the vicinity of 2040 Amsterdam Avenue.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint, except admit that, upon information and belief, plaintiff walked by Amsterdam and St. Nicholas Avenue.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that on May 23, 2013, P.O. Acosta recognized plaintiff as an individual involved in a drug transaction that occurred on May 9, 2013.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Amended Complaint as they pertain to defendants at large and to an unidentified individual.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint as they pertain to defendants at large and to an unidentified individual.

---

[1] Defendants further state that the medical records obtained with the release provided by plaintiff in this action do not substantiate the factual allegations set forth in paragraph "11" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that plaintiff was arrested on May 23, 2013, admit that plaintiff was seen walking with an individual whose initials are "J.R.", and admit that, on May 23, 2013, P.O. Acosta described plaintiff's physical appearance after seeing him.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint, except deny knowledge or information regarding alleged statements regarding the extent of any interaction between J.R. and plaintiff.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint, except admit that on May 23, 2013, plaintiff and J.R. walked into 2040 Amsterdam Avenue.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint, except admit that officers approached J.R. and plaintiff.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's interpretation of defendants' alleged statements.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's subjective impressions.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint, except admit that plaintiff was transported to the 33rd Precinct and Central Booking; admit that plaintiff was charged with criminal sale of a controlled substance; and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding when plaintiff learned that his arrest was related to activity on May 9, 2016.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that P.O. Acosta signed a criminal complaint and state that plaintiff's statements of opinion are not averments of fact that require a response.

   34. Deny the allegations set forth in paragraph "34" of the Amended Complaint, except admit that P.O. Acosta signed a criminal complaint and state that plaintiff's statements of opinion are not averments of fact that require a response.

   35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

   36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

   37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

   38. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified individuals and plaintiff's alleged dietary needs.[2]

   39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint.

   40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

   41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

---

[2] Defendants further state that the medical records obtained with the release provided by plaintiff in this action do not substantiate the factual allegations set forth in paragraph "38" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged dietary restrictions and physical condition.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint, except admit that on or about August 19, 2013, plaintiff filed a CCRB Complaint against Sgt. Cruz.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of plaintiff's assertion that his uncle walked by during plaintiff's arrest.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. State that the allegations set forth in paragraph "49" of the Amended Complaint are legal conclusions rather than averments of fact, and respectfully refer the Court to the decision cited therein for a complete representation of the Court's opinion.

50. Deny the unsupported allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. State that the allegations set forth in paragraph "53" of the Amended Complaint constitute legal conclusions which require no response.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. State that the allegations set forth in paragraph "55" of the Amended Complaint constitute legal conclusions which require no response.

56. State that the allegations set forth in paragraph "56" of the Amended Complaint constitute legal conclusions which require no response.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. In response to the allegations set forth in paragraph "59" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. In response to the allegations set forth in paragraph "63" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. State that the allegations set forth in paragraph "66" constitute a legal conclusion which requires no response.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. In response to the allegations set forth in paragraph "69" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. In response to the allegations set forth in paragraph "72" of the Amended Complaint, defendant repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77. In response to the allegations set forth in paragraph "77" of the Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE:

83. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

84. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City, Cruz, Regan, or Rivas.

### THIRD AFFIRMATIVE DEFENSE:

85. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### FOURTH AFFIRMATIVE DEFENSE:

86. Defendants City, Cruz, Regan, and Rivas have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FIFTH AFFIRMATIVE DEFENSE:

87. There was probable cause for plaintiff's arrest, detention, and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

88. Punitive damages cannot be assessed against the City of New York.

### SEVENTH AFFIRMATIVE DEFENSE:

89. Plaintiff may have failed to mitigate his alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE:

90. Defendants Cruz, Regan, and Rivas have not violated any clearly

established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## NINTH AFFIRMATIVE DEFENSE:

91.    Plaintiff has not alleged plausibly the individual defendants' personal involvement in a constitutional violation.

**WHEREFORE,** defendants City of New York, Sgt. Cruz, P.O. Regan, and P.O. Rivas request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        August 5, 2016

                            ZACHARY W. CARTER
                            Corporation Counsel of the City of New York
                            *Attorney for Defendants City, Cruz, Regan, and*
                              *Rivas*
                            100 Church Street, 3rd Floor
                            New York, New York 10007
                            (212) 356-2425


                            By:       /s/
                                  Melanie Speight
                                  *Assistant Corporation Counsel*


cc:    VIA ECF
       Ryan Michael Lozar
       *Plaintiff's Counsel*
       Law Firm of Ryan Lozar
       305 Broadway, 9th Floor
       New York, NY 10007