

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MELANIE SPEIGHT**
*Senior Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

January 12, 2017

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Ernesto Rodriguez v. City of New York, et al.</u>, 16-CV-744 (KPF) (SN)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer ("P.O.") Acosta, Sergeant Cruz, P.O. Guzman, P.O. Regan, and P.O. Rivas in the above-referenced matter. The parties will appear by telephone at 9:00 a.m. on January 13, 2017, to discuss plaintiff's application dated January 8, 2017 to compel the production of specific categories of discovery materials. Defendants will be prepared to fully address plaintiff's demands during the parties' telephone conference. To facilitate the conference, however, defendants respectfully respond briefly in opposition to plaintiff's request.

      Plaintiff seeks an order compelling production of roll calls and memobook entries for defendants Rivas and Regan for May 9, 2013, and May 23, 2013. Precinct roll calls are irrelevant to plaintiff's claims, and are not, as stated in plaintiff's letter, required productions under Local Civil Rule 83.10. With respect to the memobooks, P.O. Rivas and P.O. Regan's memobook entries from the date of plaintiff's arrest were produced in defendants' initial disclosures dated May 3, 2016. P.O. Rivas's observations on May 9, 2013 are relevant to plaintiff's arrest on May 23, 2013, and defendants do not object to producing his memobook for the earlier date. By contrast, P.O. Regan's memobook entries for May 9, 2013, are not relevant to plaintiff's allegations and defendants accordingly object to plaintiff's request.

      Plaintiff also seeks information regarding the arrests and prosecutions of two other arrests related to plaintiff's arrest on May 23, 2013. Such records for the individual arrested with plaintiff on May 23, 2013, whom counsel for the parties have referred to in this litigation as "J.R.," are sealed. Records relating to the individual arrested on May 9, 2013 for

participating in a narcotics transaction with plaintiff are not sealed. Defendants can produce that individual's arrest report. To the extent that plaintiff desires the other individual's criminal court records and or records from the District Attorney's Office, they are equally available to him. In a related request, plaintiff seeks a copy of Property Invoice No. 1000331710. This document is not currently in the undersigned's possession, but defendants agree to produce it to plaintiff. The invoices contain a field for remarks. Plaintiff's nebulous request for additional "related chain of custody records" is overbroad, vague, and not proportional to the needs of the case, particularly as the document in question does not pertain to a substance vouchered as evidence in connection with plaintiff's arrest. Defendants similarly dispute that plaintiff is entitled to a Field Test Report relating to contraband preserved as evidence for another individual's arrest, particularly when, in this case, plaintiff denies any involvement in the events of May 9, 2013. Plaintiff's purported reason for seeking this information, to determine "whether and to what extent Mr. Rodriguez was ever at any point added to the voucher as a connected arrestee," bears no relevance to the claims in this action.

Upon information and belief there are no SPRINT records beyond any that have previously been produced by defendants. Moreover, the information that plaintiff describes, physical descriptions given over the radio, would not be reflected on a SPRINT report.

Finally, defendants will, prior to the conference, determine whether the parties can reach a consensus regarding the appropriate scope of production of supplemental disciplinary records.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Senior Counsel*

CC: <u>VIA ECF</u>
Ryan Michael Lozar
*Plaintiff's Counsel*
Law Firm of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
310-867-1562
ryanlozar@gmail.com