

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

*MELANIE SPEIGHT*
*Senior Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

February 1, 2017

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Ernesto Rodriguez v. City of New York, et al., 16-CV-744 (KPF) (SN)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer ("P.O.") Acosta, Sergeant Cruz, P.O. Guzman, P.O. Regan, and P.O. Rivas in the above-referenced matter. Defendants respectfully write (1) to request, with plaintiff's consent, that the Court adjourn the parties' pretrial conference, which is currently scheduled to take place at 4:00 p.m. on February 9, 2017; and (2) to respond to plaintiff's letter motion to compel discovery dated January 29, 2017.

As an initial matter, defendants respectfully request a brief adjournment of approximately one week of the parties' February 9, 2017 pretrial conference. The reason for this request is that, beginning on February 7, 2017, the undersigned is appearing as trial counsel in the Southern District of New York in the civil matter Robert Milton v. Police Officer Phillip Johnson, 13-CV-8046 (PGG). The undersigned anticipates that trial will likely be in progress on February 9, 2017. This is the first request to adjourn the pretrial conference, and it is made with plaintiff's consent. In the event that the Court grants this request, defendants respectfully seek a corresponding extension of the parties' time to jointly submit a pretrial-conference status letter to the Court.

The parties will appear at 4:00 p.m. on February 3, 2017, to discuss plaintiff's application dated January 29, 2017 to compel the production of specific categories of discovery materials. To facilitate the conference, defendants respectfully advise the Court of their position with regard to plaintiff's request.

I.      SNEU Manuals and Records

Plaintiff represents that there are conflicting views as to why defendants effectuated his arrest on May 23, 2013. To be clear, plaintiff disputes that officers had a basis for arresting him, but, among defendants, there are not conflicting views. Plaintiff was arrested on May 23, 2013, based upon his identification by observing officers as a participant in a cocaine sale that occurred on May 9, 2013.

Plaintiff's emphasis on Street Narcotics Enforcement Unit ("SNEU") training materials is misplaced. During their depositions, several defendants testified that their work - making narcotics-related arrests as a field team based upon their own observations - involved SNEU operations, but that they were not actually members of the NYPD's designated SNEU team.[1] Each defendant testified as to the extent of the individual training that he received. Following depositions, which only concluded on January 27, 2017, plaintiff has demanded SNEU training materials. Plaintiff's request is untimely. Moreover, it seeks information that is not relevant and is certainly not proportional to the needs of this case. Plaintiff acknowledges that this information is sought in support of his purported Monell claim. As argued by defendants at the parties' initial conference, plaintiff's allegations are insufficient to support a plausible Monell claim. Whether defendants received SNEU training has no relevance to the question of whether, on an objective basis, P.O. Acosta and P.O. Rivas's observations of plaintiff's actions on May 9, 2013 provided probable cause to arrest him. It would unfairly prejudice defendants to, at this late juncture, permit plaintiff to undergo a futile attempt to begin a fishing expedition regarding SNEU training that has minimal, if any, relevance to his alleged claims.

II.     Evidence Vouchers and Chain of Custody Records

Defendants have no objections to plaintiff's request for supplemental documentation regarding these vouchers. Defendants have requested the records and will produce them to plaintiff upon receipt.

III.    Observation Post Location

Defendants object to plaintiff's request for a specific address of the observation point from which P.O. Acosta and P.O. Rivas observed plaintiff participate in a drug sale on May 9, 2013 and submit that such information is protected from disclosure by the law enforcement privilege. See Dinler v. City of N.Y. (In re City of N.Y.), 607 F.3d 923, 944 (2d Cir. 2010). As a threshold matter, this request, propounded last week during depositions, is also untimely. The officers testified about the location of the post with respect to its distance relative to plaintiff's

_____

[1] By contrast, upon information and belief, Sgt. Cruz testified that he would categorize the team as a SNEU Unit.

observed activity, the physical characteristics of the area, and with respect to their view. The observation post is one still used within the department to monitor narcotics activity in the neighborhood. Plaintiff lives within a block of the location at which he was observed participating in a cocaine transaction on May 9, 2013. While he denies participating in a drug sale on May 9, 2013, plaintiff admitted in his deposition testimony that he previously, on multiple occasions, purchased cocaine and marijuana from individuals in that neighborhood. To disclose the particular address of the observation post to plaintiff would compromise the efficacy of ongoing and future narcotics operations in the neighborhood. Moreover, plaintiff's attempt to challenge the reliability of plaintiff's identification as described in his request is not relevant to the core issues in this case. To determine whether officers' observations gave rise to probable cause depends on the conduct that they claim to have seen plaintiff engage in. That analysis does not involve second-guessing, in hindsight, the officers' reliance upon their own first-hand observations.

IV.    Roll Call Records

Unfortunately, as noted in plaintiff's application, P.O. Rivas could not locate the memobooks sought by plaintiff. As a result, defendants will produce the May 23, 2013 roll call without redactions, and will request and produce the May 9, 2013 roll call.

V.    Select Disciplinary Files

Defendants have not refused production. Defendants are not yet in receipt of the requested files and, therefore, cannot state with certainty whether in camera review is essential or whether the files can be produced, perhaps with redactions. In light of the fact that the underlying files have not yet been produced, defendants allowed plaintiff to inquire without limitation into the events in question during defendants' depositions. Defendants will, upon receipt of the files in question, promptly work with plaintiff to determine the proper manner of producing them, with Court intervention if appropriate.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Senior Counsel*

CC:    VIA ECF
Ryan Michael Lozar
*Plaintiff's Counsel*
Law Firm of Ryan Lozar
305 Broadway, 9th Floor
New York, NY 10007
310-867-1562
ryanlozar@gmail.com