The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



FEBRUARY 2, 2017

Re: <u>Rodriguez v. City of N.Y.</u>, No. 16 Civ. 744 (KPF) (SDNY)

Dear Judge Failla:

I write with respect to the above-captioned action to submit the Parties' joint letter in advance of the February 9, 2017, conference.

On February 1, 2017, Defense Counsel moved to adjourn the conference due to a conflict with a jury trial before the Court in a different case. <u>Docket No. 40</u>. That motion is under advisement by the Court. The Parties respectfully propose that, if the Court grants Defendants' motion to adjourn the February 9, 2017, the Parties will submit an updated joint letter in advance of the new conference date.

## I. Brief Statement Of The Nature Of The Action And The Principal Defenses Thereto

In this Section 1983 police misconduct action, Plaintiff alleges that on May 23, 2013, Defendants falsely arrested him. At the time of the arrest, Defendants claimed that there was an open complaint against Plaintiff arising from a May 9, 2013, event in which they claim to have seen Plaintiff serve as an intermediary between a Doe seller, whom Defendants did not apprehend, and a buyer ("EJR"), whom Defendants arrested (charges against EJR were later dismissed). Plaintiff contends that Defendants cannot prove that they had probable cause to arrest him. On May 23, 2013, Defendant Acosta represented that Plaintiff was arrested in connection with Defendant Rivas's May 23, 2013, statement that he saw Plaintiff participate in a May 9, 2013, drug transaction from atop a fifteen-story observation post roughly two blocks from the scene of the transaction.

Defendants contend that their observation of Plaintiff's activities on May 9, 2013, gave rise to probable cause to arrest him on May 23, 2013, and that at a minimum, that they are entitled to qualified immunity. In addition, Defendants contend that Plaintiff's allegations are insufficient to state a claim for municipal liability.

## II. The Major Legal And Factual Issues Relating To Resolution Of The Case, Whether By Trial, Settlement Or Dispositive Motion

The major factual issue in this case is how a jury will view the record, <u>i.e.</u>, whether it shows that on May 23, 2013, Defendants reasonably believed that on May 9, 2013, Plaintiff committed the alleged criminal offense.

## III. Venue And Jurisdiction

Jurisdiction is proper due to the federal constitutional claims that Plaintiff alleges pursuant to Section 1983. Venue is proper because the incident occurred within this District.

### IV. Other Deadlines And Motions

At this writing, there is a pending motion for discovery on the docket for which there is an in-person conference scheduled with the Court on February 2, 2017, at 4:00 p.m. Docket No. 48. In addition, there is a pending motion to adjourn the Court's February 9, 2017, pretrial conference. Docket No. 50.

In accordance with the Court's Case Management Plan and Scheduling Order, and Individual Rules, the Parties will file a JPTO, joint jury trial documents, and in limine motions on ECF within thirty (30) days of the close of discovery, and the Parties will be prepared for jury trial before the Court within thirty (30) days of the submission of the aforementioned documents. Docket No. 40 ¶¶ 15, 17.

### V. Discovery To Date

With the exception of the limited categories of outstanding paper discovery that are the subject of Plaintiff's motion at Docket No. 48, discovery in this case is complete. All depositions have been taken and the Parties will not perform expert discovery.

### VI. Status Of Settlement Discussions To Date

The Parties participated in the Court-Ordered mediation in August 2016. The mediation did not result in settlement and the Parties were rather far apart when the proceeding closed. As the Court may recall, the Parties continued settlement discussions but these failed in early January 2017.

In accordance with the Court's Case Management and Scheduling Order in this case, the Parties' attorneys will meet in person within fourteen (14) days of the close of discovery.

Sincerely,

*Ryan Lozar*

Ryan Lozar
Attorney for Plaintiff Ernesto Rodriguez