

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**MELANIE SPEIGHT**
*Senior Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

March 8, 2017

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Ernesto Rodriguez v. City of New York, et al.</u>, 16-CV-744 (KPF) (SN)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer ("P.O.") Acosta, Sergeant Cruz, P.O. Guzman, P.O. Regan, and P.O. Rivas in the above-referenced matter.   On February 3, 2017, the parties appeared for a discovery and interim pre-trial conference, during which the Court directed defendants to produce, to the extent that they were available, discovery materials sought by plaintiff by February 24, 2017.   In addition, the Court directed the parties to submit a joint status reporting advising the Court of whether the parties reached any agreements to narrow the claims at issue and whether the parties intended to move for summary judgment. By letter dated March 6, 2017, plaintiff sought the Court's aid in enforcing its Order, because plaintiff contended that defendants had failed to timely produce the limited discovery materials at issue.   Defendants respectfully respond to plaintiff's application; advise the Court of the status of their efforts to obtain the materials sought by plaintiff; and seek a two-week extension of the parties' deadline for submitting a joint status report regarding the claims at issue and anticipated dispositive motion practice.

First, defendants do not contest plaintiff's representation that, unfortunately, defendants failed to produce the materials at issue by February 24, 2017.  However, defendants dispute plaintiff's characterization of their responsiveness regarding this issue.   Defense counsel responded to plaintiff's frequent inquiries into the status of these materials and attempted to resolve the matter amicably.   Defense counsel was absent from the office for two days last week due to the flu, a development which defense counsel shared with plaintiff's counsel. Defense counsel asked for time to review the status of the materials received by this Office and/or still

1

outstanding, and offered to alert the Court to defendants' delayed production on behalf of the parties.   Nevertheless, plaintiff sought relief by letter dated March 6, 2017.

Defendants have reviewed their materials and have produced responsive command logs for May 23, 2013 and requested property invoices.   Defendants are awaiting receipt of limited disciplinary files and the roll calls for May 9, 2013.  Notably, neither of these two outstanding items bears on liability or anticipated motion practice. Defendants have also worked with liaisons from the police department to determine what, if any, documents may be responsive for plaintiff's request for "SNEU Manuals" in effect in 2013.  To that end, liaisons have identified and are in the process of obtaining "SNEU Guidelines" that address plaintiff's demand.  The undersigned has been informed that these materials are expected to be produced to this Office by March 10, 2017.  Defendants have informed plaintiff of this development and will promptly produce the guidelines upon receipt.  Plaintiff has represented that a primary reason that the training materials are sought is to determine whether he will continue to pursue a claim for municipal liability against defendant City of New York.  As such, production of these materials arguably impacts dispositive motion practice and any potential decisions to narrow the claims by stipulation.

In light of the latter concern, defendants respectfully request that the Court extend the parties' deadline for submitting a joint status update.  Upon conferring with plaintiff's counsel, defendants respectfully propose that the deadline be extended by two weeks, from March 10, 2017, until March 24, 2017.  Alternatively, if the Court is not inclined to extend the deadline, defendants are presently equipped to submit a request for a pre-motion conference by March 10, 2017 based upon the current claims and record evidence, with the expectation that, by the time the parties appear for a conference and/or begin submitting briefs, plaintiff will have an opportunity to review the anticipated SNEU materials and may, if he deems it appropriate, voluntarily withdraw some claims.

Defendants apologize for any delays occasioned by the production of remaining materials in this matter and for any resulting imposition upon the Court.  The parties appear to share a common goal of resolving the few remaining issues in this action and expeditiously moving forward to motion practice and, potentially, trial.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Senior Counsel*

CC:   <u>VIA ECF</u>
       Ryan Michael Lozar
       *Plaintiff's Counsel*
       Law Firm of Ryan Lozar
       305 Broadway, 9th Floor
       New York, NY 10007