**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 11, 2017

THE CITY OF NEW YORK
**ZACHARY W. CARTER**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MELANIE SPEIGHT**
*Senior Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

May 3, 2017

**VIA HAND DELIVERY**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Ernesto Rodriguez v. City of New York, et al., 16-CV-744 (KPF) (SN)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer ("P.O.") Acosta, Sergeant Cruz, P.O. Guzman, P.O. Regan, and P.O. Rivas in the above-referenced matter. Defendants write respectfully in brief response to plaintiff's status letter dated April 28, 2017 (Docket No. 69).

The parties have resolved the issues set forth in plaintiff's submission as follows:

1.   SNEU Guidelines – In light of the absence of the SNEU Guidelines/SNEU Manual pre-dating June 2013, defendants cannot stipulate that the June 2013 Guidelines were in full effect at the time of plaintiff's arrest. Defendants have attested, by affidavit, that the Interim Orders, Operational Orders, and Patrol Guide provisions set forth in the June 2013 Guidelines were in effect. In addition, defendants have confirmed that a retention policy should have ensured that the May 2013 Guidelines were maintained. The parties have discussed this issue and agree that this issue should not impact the parties' summary judgment motion practice. Prior to trial, the parties would like to submit motions *in limine* regarding the propriety of a jury instruction, desired by plaintiff, stating that the June 2013 Guidelines were in effect in May 2013.

Defendants are still seeking blank versions of the appendices that were not included in the SNEU Guidelines. To the extent they are not found, plaintiff has proposed that defendants attempt to obtain completed forms and produce them with redactions, so that the privacy of the individuals involved in unrelated matters is preserved. Defendants agree to pursue this alternate option if the search for blank forms is not fruitful.

1

2.     SNEU Training Records – By letter dated April 24, 2017, defendants confirmed that defendants were required to create SNEU Observation Reports and corresponding Supervisor Reports.  It remains unconfirmed whether records of the individual defendants' SNEU training can be obtained.  The Police Department continues to seek these records.  To the extent that the Police Department cannot locate these records, the parties would like to submit motions *in limine* regarding the propriety of a jury instruction, desired by plaintiff, regarding the absence of records demonstrating defendants' completion of training.

3.     Disciplinary Files – Plaintiff has confirmed that the disc submitted to the Court does include the case file that he is seeking.  With respect to the second file, the parties have one dispute.  Defendants have produced a CCRB closing report and a related IAB investigation report recommending that Charges be brought.  Defendants have agreed to produce the full CCRB report, with appropriate redactions, including audio recordings of interviews with two individual defendants.  The IAB documents produced represent the only IAB material that was provided to defense counsel, because the case is open and pending with the Department Advocate's Office ("DAO").  No material from the DAO file has been produced to the undersigned because the charges are pending.  Defendants maintain that the DOA and IAB files should not be compelled while the case is pending.  Moreover, the allegations in the case in question are uniquely straightforward and adequately relayed in the documents that have previously been produced.  For context, the undersigned will have hard copies of these confidential documents delivered to Chambers tomorrow morning.  Plaintiff disagrees with respect to the IAB files, which he contends should be discoverable notwithstanding the pending action.  Whether the full IAB file should be compelled is the only dispute between the parties on this matter.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Senior Counsel*

CC:   VIA EMAIL
      Ryan Michael Lozar
      *Plaintiff's Counsel*
      Law Firm of Ryan Lozar
      305 Broadway, 9th Floor
      New York, NY 10007

The Court is in receipt of Plaintiff's April 28, 2017 (Dkt. #69), Defendants' May 3, 2017 letter above (Dkt. #70), Defendants' April 28, 2017 *in camera* submission of documents and a disc containing certain investigative files (Case #2013-0465/Log #2013-10098), and Defendants' May 5, 2017 submission of certain IAB and CCRB files.

The May 3 letter notes that the parties have agreed to defer certain issues with respect to the SNEU guidelines and training records issue; the Court is fine with this resolution. The May 3 letter also confirms that Plaintiff in fact seeks the investigative materials submitted *in camera* to the Court on April 28. The Court has carefully reviewed these materials and declines to order their production.

The remaining issue is "[w]hether the full IAB file should be compelled." Having reviewed all of the submitted materials, including the May 5 materials, the Court declines to order production of the full IAB file given the pending DAO action. However, the Court understands as of May 10, 2017, that Defendants are in the process of obtaining certain audio files of relevant interviews in connection with the full file that have not yet been produced to Plaintiff; the Court directs Defendants to produce these files as soon as possible.

With this, the Court understands fact discovery to be completed. The following schedule is set for summary judgment practice: Defendants' motion and supporting materials are due **June 16, 2017**; Plaintiff's opposition brief and supporting materials are due **July 19, 2017**; and Defendants' reply brief is due **August 2, 2017**. The Court will inform the parties if oral argument would be helpful to the resolution of this motion.

Dated:    May 11, 2017           SO ORDERED.
         New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE