The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com



AUGUST 6, 2017

Re:     Rodriguez v. City of N.Y., No. 16 Civ. 744 (KPF)

Dear Judge Failla:

I represent Plaintiff Ernesto Rodriguez in the above-captioned Section 1983 action, brought against five Individual Defendant NYPD Officers and the City Defendant. Defendants have moved for partial summary judgment.

Yesterday I filed Mr. Rodriguez's response in opposition to Defendants' partial summary judgment motion. Docket Nos. 79-81. I write now to ask the Court's leave to file Plaintiff's Exhibits 41 through 44 under seal. Docket No. 81 (Lozar Declaration attesting that Exhibits 41 through 44 are true and accurate copies of what they purport to be). Hard copies of Exhibits 41 through 44 will be delivered to Your Honor's Chambers on Monday, August 6, 2017, in a fully integrated binder of exhibits supporting Plaintiff's opposition to Defendants' partial summary judgment motion.[1]

I move to file Exhibits 41 through 44 under seal because Defendants produced them in discovery with the designation "confidential material" pursuant to the Court's Protective Order governing NYPD-related Section 1983 actions. See SDNY Local Civil Rule 83.10. Docket Entry 5/3/2016 (noting that this litigation is governed by the Section 1983 Plan). Pursuant to the terms of the Protective Order, Plaintiff ("receiving party") is bound to maintain the confidentiality of material so produced by Defendants ("producing party"), and to move the Court for permission to file them under seal. In addition to noting Defendants' designation of these records as confidential, I provide the following brief summary of their contents:

(1) Exhibit 41 is an NYPD Street Narcotics Enforcement Unit (SNEU) manual explaining the specialized operations and protocols of that unit. Although Defendants would be in a better position to provide a detailed explanation of their designation of this record as confidential, I note that the designation was likely made pursuant to ¶ 2.d of the Protective Order stating that they may do so to the extent they have a good-faith justification.

---

[1] I stress for clarity that Exhibits 1 through 40 in that binder have already been filed on ECF, and are not the subject of this motion to file under seal. This motion only seeks sealed filing of Exhibits 41 through 44. I also note that it is my understanding from ECF rules and Your Honor's Individual Rule ¶ 6.A. that Plaintiff must only submit hard copies of the exhibits subject to this motion to seal in hard copy form to Your Honor's Chambers, and not in a special manner on ECF with this letter. I hope that I have not misunderstood the procedure.

(2) Exhibits 42 through 44 contain certain Defendant personnel records relating to misconduct investigations and findings. Defendants' designation of these records was likely made pursuant to ¶ 2.a of the Protective Order stating that NYPD CCRB and IAB personnel and disciplinary records will be treated by Parties as confidential.

Thank you for your attention.

Sincerely,

*Ryan Lozar*
Ryan Lozar
Attorney for Plaintiff Ernesto Rodriguez