

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MELANIE SPEIGHT
*Senior Counsel*
Phone: (212) 356-2425
Fax: (212) 356-3509
mspeight@law.nyc.gov

August 23, 2017

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Ernesto Rodriguez v. City of New York, et al.</u>, 16-CV-744 (KPF) (SN)

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Police Officer ("P.O.") Acosta, Sergeant Cruz, P.O. Guzman, P.O. Regan, and P.O. Rivas in the above-referenced matter. As the Court is aware, defendants have moved for partial summary judgement with respect to each of plaintiff's alleged federal claims, with the exception of his alleged false arrest claim against defendants P.O. Rivas and P.O. Acosta. By letter dated August 5, 2017, plaintiff voluntarily withdrew his alleged malicious prosecution and denial of the right to a fair trial based upon fabrication of evidence claims against defendants Sgt. Cruz, P.O. Guzman, and P.O. Regan. He also withdrew his general allusion to 42 U.S.C. § 1983 as a cause of action and his claims against John Doe officers. As such defendants respectfully request that these claims should be dismissed with prejudice.

      With respect to his remaining claims, plaintiff's opposition largely fails to address, let alone refute, the legal arguments set forth in defendants' brief. Instead, plaintiff attempts to create material issues of fact by relying upon his own self-serving statements and a narrative based upon speculation. Despite his efforts plaintiff has failed to create any material factual disputes that detract from defendants' legal arguments. With respect to false arrest, plaintiff ignores the record evidence demonstrating that his arrest was supported by probable cause based upon officers' observation of his participation in a prior narcotics sale and, instead, argues that plaintiff's arrest was based upon his proximity to another individual who was found to be in possession of marijuana. This approach distorts the record but, more importantly, overlooks the fact that defendants are entitled to summary judgment if probable cause existed to arrest plaintiff for any offense, including, as argued in defendants' brief, criminal sale of a

controlled substance.  Devenpeck v. Alford, 543 U.S. 146, 153 (2004).  With respect to plaintiff's remaining arguments in support of his purported claims for municipal liability, malicious prosecution, and denial of the right to a fair trial, plaintiff's arguments fail to overcome defendants' legal assertions.

Accordingly, defendants respectfully rely upon their prior submissions and submit this letter in lieu of a formal reply.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Melanie Speight
*Senior Counsel*

CC:    VIA ECF
       Ryan Michael Lozar
       *Plaintiff's Counsel*
       Law Firm of Ryan Lozar
       305 Broadway, 9th Floor
       New York, NY 10007